### PLAISTED H. PERKINS *vs.* WALTER LITTLEFIELD.

A promise to repay money which the promisor requests the promisee to pay to a third person is not within the statute of frauds; and the cause of action arises when the money is paid, and not when the promise is made.

CONTRACT to recover for money paid, The writ was dated May 6, 1861.

At the trial in the superior court, before *Putnam*, J., there was evidence tending to show that the defendant, who was the owner of the bark Maine, requested the plaintiff to pay to ship chandlers a debt contracted by the master of the bark for supplies, promising to repay him; and that the plaintiff accordingly paid the debt in September 1856. The defendant contended that the facts showed that he was not liable to the ship chandlers for the debt; and that the promise was made more than six years before the commencement of the action. The judge ruled that the cause of action accrued when the debt was paid, and that it was immaterial whether the defendant was liable to the ship chandlers or not, provided the plaintiff paid the debt upon his request, and his promise to repay the same.

The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*S. Wells, Jr.,* for the defendant.

*L. Gray,* for the plaintiff, was not called on.

BIGELOW, C. J. 1. The defendant's promise is not within the statute of frauds. It was not a " promise to pay the debt of another," in the sense in which those words are used in the statute. Such would have been the case if the defendant had agreed to pay the debt to the persons with whom it was originally contracted, and they had brought an action upon such promise. It is the well settled doctrine that the provision in the statute is applicable only to promises made to the persons to whom another is answerable. *Alger v. Scoville,* 1 Gray, 391, 395, and cases cited. In the case at bar, the defendant made no promise to pay the debt to the persons to whom it was due, but

he made a new, distinct and independent agreement with the plaintiff that if he would advance money for a certain specific object, he would repay him that sum. This is clearly an original and not a collateral promise. It is wholly immaterial to inquire whether the defendant was liable for the original debt, which the plaintiff paid at his request. It is sufficient that it appears that the plaintiff has expended his money at the instance of the defendant, and on his promise to repay it.

2. The claim of the plaintiff is not barred by the statute of limitations. No cause of action accrued to the plaintiff before he had paid the money. Until such payment the conditional promise of the defendant did not take effect, and no claim for repayment arose in behalf of the plaintiff.

*Exceptions overruled, with double costs.*